CROWNS *v.* VAIL.   BOSTWICK *v.* SAME.   LEWIS *v.* SAME.   KUHN *v.* SAME.
AHLHAUSER *v.* SAME.

(*Supreme Court, Special Term, New York County.*   June 11, 1888.)

1. ATTACHMENT—AFFIDAVIT—SOURCE OF INFORMATION.
    Under Code Civil Proc. N. Y. § 636, subd. 1, requiring an affidavit for attachment
    to show that plaintiff is entitled to recover the sum stated over and above all coun-
    ter-claims known to him, an affidavit of such fact, made by plaintiff's attorney,
    which does not disclose the sources of deponent's information, is insufficient, and
    confers no jurisdiction.[1]

2. SAME—SOURCES OF INFORMATION—SUFFICIENCY.
    An affidavit for attachment alleging that the sources of plaintiff's information,
    and the grounds of his belief that no counter-claims or offsets exist in favor of the
    defendants against any of the parties through whom, by assignment, he derives
    title, are affidavits of some of such assignors and written statements of the oth-
    ers in his possession, is sufficient, at least as to the causes supported by such affi-
    davits.

At chambers.   Motion by a junior attaching creditor to vacate prior attach-
ments.

*Barlow & Wetmore,* for the motion.   *Stillman & Hubbard,* opposed.

LAWRENCE, J.   The plaintiffs in the above-entitled actions, on the 27th
and 28th days of January last, obtained warrants of attachment against the
defendants, and levied upon certain balances of deposit in the sum of $5,852,
standing to the credit of the defendants upon the books of the National Park
Bank.   On the 1st day of May last, George W. Page began an action against
the defendants in this court, and obtained a warrant of attachment, which
was, on the 2d of May last, levied upon the same fund in said bank, and he
now moves, under sections 682, 683, Code Civil Proc., to vacate and set aside
the attachments issued in these actions, on a number of grounds; it being
claimed that the affidavits on which such atttachments were issued were
wholly insufficient to confer jurisdiction.   The affidavit in each case was made
by one of the attorneys for the plaintiffs, and it is claimed that, as that fact
appears, his affidavit to the effect that the sum specified as due and owing from
the defendants to the plaintiffs, over and above all counter-claims known to
the plaintiffs and the deponent, is not sufficient, under section 636 of the Code,
subd. 1, to confer jurisdiction, although that fact is, in the affidavit, stated
positively, and is not stated to be upon information and belief.   In this con-
tention I think that the moving party is right, and that he is supported by a
large number of authorities.   In *Cribben* v. *Schillinger,* 30 Hun, 248, the af-
fidavit was made by an attorney, and it was stated therein that the amount
named was due to the plaintiffs over and above all counter-claims, discounts,
and set-offs known to the plaintiffs or the deponent, and that the affidavit was
made by the attorney, because the plaintiffs resided out of the county, and
that the deponent's knowledge as to the debt was derived from a statement of
the ground upon which the action was founded, sent to him by his clients in
a letter.   The court held that the attachment was properly vacated upon the
moving papers, as the affidavit did not show, either that the attorney had any
knowledge, or the sources of his knowledge, that the amount named was due
over and above all counter-claims known to the plaintiff.   In *Buhl* v. *Ball,*
41 Hun, 61, the affidavit was made by an agent of the plaintiff, who stated
that the plaintiff was entitled to recover the sum therein stated over and
above all counter-claims known to the plaintiff.   On a motion to vacate the
attachment, the court said: "The agent of the plaintiff in the *Buhl Case,* by
his affidavit, unqualifiedly stated that the plaintiffs were entitled to recover
the sum named over and above all counter-claims known to the plaintiff, and

---

[1] For an affidavit for arrest held to sufficiently disclose affiant's source of information,
see Thompson v. Best, *post,* 220.

nothing appears in the affidavit, beyond such statement, which enables the court to see how he did or could know the fact, or which permitted him to state what knowledge the plaintiff did or did not have on the subject of counter-claims." Page 64. In the case of *Goodman* v. *Ball*, 41 Hun, 61, the affidavit was made by the attorney at law for the plaintiff, and stated, upon information and belief, that the plaintiff's claim was the sum specified over and above all discounts and set-offs; that the plaintiff's place of business was Philadelphia; that the grounds and sources of deponent's knowledge and belief in respect to the matters stated by him are that he has the bill of his clients sent to him by them, which is verified by the affidavit of one of the plaintiffs, and annexed to his affidavit, and the verified schedules filed by the defendants after the general assignment, in which the plaintiff's claim appeared. It was held that the affidavit was insufficient to support the attachment, the court stating in its opinion that the difficulty in both of these cases is that no grounds or sources of knowledge and information of the agent and attorney of the plaintiffs are stated in their affidavits to support their assertions in them that the plaintiffs were entitled to recover the sums mentioned over and above all counter-claims known to the plaintiff, and that this fact was not supplied by the reference to the schedules filed by the defendants. See, also, *Bank* v. *Ward*, 35 Hun, 395. In the affidavit under consideration Mr. Notman does not disclose the sources of his information in respect to the fact whether the amount stated in his affidavit was due to the plaintiffs over and above all counter-claims. *Cribben* v. *Schillinger* and *Buhl* v. *Ball*, *supra;* also, *Jordan* v. *Richardson*, 7 Civil Proc. 411. These defects existed in each of the affidavits on which the attachment in these actions was procured, and it therefore results that the motion must be granted, unless the attack which is made by the plaintiff's upon the sufficiency of the papers of the moving party is successful.

It is contended by the plaintiffs that the affidavit upon which the moving party procured his attachment is subject to the same criticism as he makes upon the affidavit of Mr. Notman, to-wit, that he does not state sufficiently the sources of his information and the grounds of his belief that no counter-claims or offsets exist in favor of the defendants against any of the parties through whom, by assignment, he has derived his title, and the causes of action set forth in his affidavit. In Page's affidavit the sources of his information, and the grounds of his belief upon that point, are stated to be affidavits and statements in writing, "in my possession, signed by them," *i. e.*, his assignors. It is then averred that it appears that there are but two affidavits in his possession, to-wit, those of Stilling & Gautnor, and only written statements from four other parties. It is argued by the plaintiff that the attachment, therefore, has been granted virtually on the unsworn statement of the parties whose statements are set forth; that as to them respectively no counter-claims, etc., exist. Even if this is so, the fact remains that the allegation in respect to counter-claims is, in part, supported by the affidavits of those from whom Page has derived his title; and I do not see why this point taken on his behalf is not sound,—that if a single one of the causes of action upon which he sues is properly stated, that as to that the judge who granted the attachment has jurisdiction, and the warrant is good. I do not mean by this to be understood as saying that the affidavit in the case of Page does not sufficiently disclose the sources of his information and the grounds of his belief in respect to all the other causes of action stated in his affidavit. Having found sufficient therein to answer the criticism that there was not enough in his affidavit to confer jurisdiction, it necessarily follows that this motion must be denied, and further discussion upon the affidavit is therefore useless. I am therefore of the opinion, upon the authorities above stated, and numerous others with which they are in harmony, that this motion must be granted.

Order will be settled on two days' notice.